LILES, Judge.
Petitioner was charged in July, 1970 with being in violation of Fla.Stat. § 790.-23, F.S.A. (1969). The information specifically charged that petitioner Van Cott was convicted of the felony of forgery in 1953, and did at the present time unlawfully and feloniously have in his custody, possession and control, guns, in violation of Fla.Stat. § 790.23, F.S.A. (1969). Van Cott’s motion to dismiss the information was denied, and he filed his petition for writ of prohibition in this court. We granted a rule nisi in the cause and now must determine whether the rule will be discharged or made absolute.
Van Cott challenges the constitutionality of a portion of Fla.Stat. § 790.23, *458 F.S.A. (1969). Prohibition is a proper remedy to attack the constitutionality of a statute which purports to extend the jurisdiction of the courts or grant new jurisdiction. Crill v. State Road Dept., 96 Fla. 110, 117 So. 795 (1928); State ex rel. Davis v. Love, 99 Fla. 333, 126 So. 374 (1930). Prohibition will also lie where jurisdiction was never conferred because the statute was void for being unconstitutional. Davis, supra; State ex rel. York v. Beckham, 160 Fla. 810, 36 So.2d 769 (1948); State ex rel. Pollack v. Saperstein, Fla. 1953, 67 So.2d 911 (concurring opinion by Justice Hobson).
The statute under attack here reads in pertinent part:
“790.23 Felons; possession of firearms unlawful; exception; penalty.—
(1) It is unlawful for any person who has been convicted of a felony in the courts of this state * * * to own or to have in his care, custody, possession, or control any firearm * * * but to include all tear gas guns and chemical weapons or devices.
(2) This section shall not apply to a person having been convicted of a felony whose civil rights have been restored or to a person convicted of a felony for antitrust violation, unfair trade practice, restraints of trade, nonsupport of dependents, bigamy, or other similar offense.
(3) Any person convicted of violating this section is guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not less than one (1) year nor more than twenty (20) years.”
We are concerned with the second section, specifically the phrase “or other similar offense.” Petitioner contends that this section of the statute violates the principles for determining constitutional validity under federal and Florida law. Petitioner’s point is well taken. The Florida Supreme Court said in State ex rel. Lee v. Buchanan, Fla.1966, 191 So.2d 33:
“This court, in Brock v. Hardie, 1934, 114 Fla. 670, 154 So. 690, presented guidelines for testing the constitutional validity of a Florida statute under a question of vagueness, considering at some length the case of Cline v. Frink Dairy Co., 1927, 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146. There, we said:
‘ * * * Whether the words of the Florida statute are sufficiently explicit to inform those who are subject to its provisions what conduct on their part will render them liable to its penalties is the test by which the statute must stand or fall, because, as was stated in the opinion above mentioned, [Cline v. F'rink Dairy Co.] “a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.”
‘Such seems to be the test approved by the Supreme Court of the United States.’ ”
The phrase “or other similar offense” contained in Fla.Stat. § 790.23, F. S.A. (1969), is not accurately definable. The extent of the exemption cannot be clearly ascertained and therefore the statute does not adequately inform those persons subject to it what conduct is prohibited. We feel that Fla.Stat. § 790.23, F.S.A. (1969) is so vague and indefinite that men of common intelligence must necessarily differ as to its application and guess at its meaning. Under this interpretation, the statute in question cannot stand.
The rule nisi issued in this case is hereby made absolute.
PIERCE, C. J., and McNULTY, J., concur.