DEKLE, Justice.
These consolidated cases arrive here from lower 'court judgments holding unconstitutional Fla.Stat. sec. 790.23 F.S.A., (1969) :
“Felons; possession of firearms unlawful ; exception; penalty.
“(1) It is unlawful for any person who has been convicted of a felony in the courts of this state or of a crime against the United States, which is designated as a felony or convicted of an offense in any other state, territory, or country punishable by imprisonment for a term exceeding one (1) year to own or to have in his care, custody, possession, or control any firearm or to carry a concealed weapon, but to include all tear gas guns and chemical weapons or devices.
“(2) This section shall not apply to a person having been convicted of a felony whose civil rights have been restored or to a person convicted of a felony for antitrust violation, unfair trade practice, restraints of trade, nonsupport of dependents, bigamy, or other similar offense.
“(3) Any person convicted of violating this section is guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not less than one (1) year nor more than twenty (20) years.” (Emphasis supplied.)
Florida Constitution, Article V, Section 4(2), F.S.A., vests jurisdiction.
The challenge here is only to the italicized second exception which is provided in the second clause of section (2) of the statute. It is argued that where the extent of the exemption from the statute cannot be clearly ascertained from its words, the statute does not adequately inform those subject to it just what conduct is prohibited.[1] The specific complaint is that after listing several felonies this section concludes with “or other similar offense.” “What other offenses ?” they ask.
Appellees say that the language is unconstitutionally vague and uncertain, and does not meet the recognized test that the words of the statute inform men of common intelligence what conduct on their part will render them liable to its penalties, and therefore that they must necessarily guess at its meaning and differ as to its application; that it is too vague to afford practical guidelines to permissible conduct[2] and accordingly violates due process of law.
The State contends that the phrase “or other similar offense” means that class of non-violent crimes which the preceding list suggests, and that it is not necessary to list each and every one so long as the category is clear. The State argues that the principle of ejusdem generis applies so that where the phrase follows the several listed non-violent types of offenses, that this is what is clearly intended and that there is no uncertainty which would render the statute invalid on the ground of a denial of due process as being too vague and uncertain for men of common intelligence to understand what is meant.[3]
*543 The State suggests that there are two classes of persons in the list preceding the “other similar offense” conclusion. One “class,” the State says, involves the unfair trade practice and similar listed offenses termed “unfair business practices.” The second class is defined as the remaining noted offenses of nonsupport of defendants, bigamy, etc., regarding “offenses vio-lative of a family duty,” says the State.
At first blush it would appear that the State has adequately explained the categories. Then we are reminded by appel-lees of a number of other nonviolent offenses that may be reasonably related to this group, e. g., income tax evasion, usury, bad checks, embezzlement, fraud, stock violations, etc. In the “family duty” suggested classification, we are told that statutory offenses of fornication or adultery and the like are not noted and that this adds to the confusion of what “similar offenses” really are exempt. Thus, a real question is raised as to whether, after all, this is indeed language too vague and uncertain for the person of common intelligence to know what is and what is not excluded. To this extent we are impelled to agree with appel-lees that the italicized language of paragraph (2), second clause of Section 790.23, does fail to meet the constitutional test of clarity.
The holdings below treat only this second clause of Section (2) of the statute as to the ambiguous “other similar offenses.” Since we are in agreement in declaring this portion of the statute unconstitutional, we treat our opinion here as an af-firmance of such holdings, to the extent of declaring unconstitutional only the words “or other similar offense” in the second clause of Section(2), Florida Statute Section 790.23, F.S.A. The first clause of said Section (2) exempting those whose civil rights have been restored is, of course, cleár and unambiguous and is constitutional. (This was the provision of Section (2) in the 1967 version of this statute.) The earlier statute (which did not include the language’ stricken in these causes) was upheld by this Court in Nelson v. State, 195 So.2d 853 (Fla.1967). The words “antitrust violation, unfair trade practice, restraints of trade, nonsupport of dependents, bigamy” are words having clear meaning as previously defined in the statutes and case laws of the State and are not so vague, indefinite and uncertain as to render them void and that portion of the statute is constitutional.[4]
The holdings under review declaring the entire statute unconstitutional are inappropriate where the objectionable part of the statute can properly be eliminated without rendering the remainder of the statute incomplete or without causing results not contemplated by the Legislature.[5] This is consistent with the policy of preserving the constitutionality of a statute if it is possible to do so by elimination of invalid clauses without destroying the legislative objectives. The constant standard of our authorities through the years has been that statutory enactments are to be interpreted so as to accomplish rather than defeat their purpose.[6]
*544 In summary, therefore, we hold that the words “or other similar offense” appearing in Section (2) of Florida Statute 790.23 F.S.A., are void and should be deleted from the statute but there remains a clear, valid expression of legislative intent in the remainder of the language and that the legislative intent does not suffer fatality merely because the words “or other similar offense” were added, leaving the valid portion of Section (2), supra, to read:
“(2) This section shall not apply to a person having been convicted of a felony whose civil rights have been restored or to a person convicted of a felony for antitrust violation, unfair trade practice, restraints of trade, nonsupport of dependents, (or) bigamy.”
In the Van Cott case, our number 40,870, the information charged that he was convicted of forgery in 1953 and thereafter in the cause sub judice did have in his care, custody, possession or control guns in violation of Florida Statute 790.23, F.S.A. Forgery was not one of the listed categories for exemption as interpreted herein and for that reason the information states a cause of action, so the decision of the District Court of Appeal, 243 So.2d 457, is quashed with directions that the rule nisi in prohibition theretofore entered by that Court be discharged and the prohibition action dismissed.
In the Matthew Smith case, our number 40,396, the information specifically charged that appellee Matthew Smith, having been previously convicted of a lottery law violation, did thereafter have in his care, custody, possession or control a firearm in violation of Florida Statute 790.23, F.S.A., and on motion, the trial court held the statute to be unconstitutional which resulted in a cessation of the prosecution. For the reason stated in this opinion, the decision of the trial court is reversed with comment that a lottery law violation is not within the protection provided in Section (2) of the act.
In the Matthew Smith case, our number 40,397, the situation is the same as in case number 40,396, except that the offense occurred on a different date. Accordingly, for the reasons stated, the decision of the trial court holding Florida Statute 790.23, F.S.A., unconstitutional is reversed with comment that a lottery law violation is not within the protection of Section (2) as construed herein.
It is so ordered.
ROBERTS, C. J., ERVIN, CARLTON, BOYD and McCAIN, JJ., and JOHNSTON, District Court Judge, concur.

. Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102 (1947).

. State ex rel. Lee v. Buchanan, 191 So.2d 33 (Fla.1966); United States v. Hagen, 314 U.S. 513, 62 S.Ct. 374, 86 L.Ed. 383 (1942).

. Arnold v. Shumpert, 217 So.2d 116 (Fla.1968); Smith v. Nussman, 156 So.2d 680 (3rd DCA Fla.1963); Worden v. Hunt, 147 So.2d 548 (2nd DCA Fla.1962); Children’s Bootery v. Sutker, 91 Fla. 60, 107 So. 345, 44 A.L.R. 698 *543 (1926); Townsend v. State, 63 Fla. 46, 57 So. 611 (1912); In re Ratliff’s Estate, 137 Fla. 229, 188 So. 128 (1939).

. Compare Chapter 70-240, Laws of Florida, 1970.

. State v. Calhoun County, 126 Fla. 376, 170 So. 883 (1937); Louis K. Liggitt Co. v. Lee, 109 Fla. 477, 149 So. 8 (1933); Harris v. Bryan, 89 So.2d 601 (Fla.1956); State ex rel. Lane Drugstores v. Simpson, 122 Fla. 582, 166 So. 227 (1936), aff. 122 Fla. 670, 166 So. 262 (1936), cert. denied, 299 U.S. 543, 57 S.Ct. 15, 81 L.Ed. 399; Conner v. Joe Hatton, Inc., 216 So.2d 209 (Fla.1968); Small v. Sun Oil Co., 222 So.2d 196 (Fla.1969).

.Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla.1968); Holley v. Adams, 238 So.2d 401 (Fla.1970); Greater Loretta Imp. Ass’n v. State ex rel. Boone, 234 So.2d 665 (Fla.1970); *544 Brown v. Griffin, 229 So.2d 225 (Fla.1969); Hancock v. Sapp, 225 So.2d 411 (Fla.); Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla.1969).