PER CURIAM.
Relator has filed a suggestion for a writ of prohibition to halt a prosecution under an information charging a violation of § 790.23, Fla.Stat., F.S.A. of having owned or having in his care, custody or control a firearm (pistol). The statute provides:
“790.23 Felons; possession of firearms unlawful; exception; penalty.—

“(2) This section shall not apply to a person having been convicted of a felony whose civil rights have been restored or to a person convicted of a felony for antitrust violation, unfair trade practice, restraints of trade, nonsupport of dependents, bigamy, or other similar offense.”
Relator has been heretofore convicted of the felony of attempted breaking and en *43 tering of a dwelling with the intent to commit petit larceny. The trial court denied his motion to dismiss the information on the ground that this section of the statute was unconstitutionally vague.
Thereupon, the relator sought the instant extraordinary writ. We issued the rule nisi, the respondent made a return, briefs were filed and oral arguments were heard. After careful consideration of the statute in question and the cases cited,[1] we have concluded that the relator is entitled to the issuance of the writ absolute and it is granted.
In full confidence that the trial court will adhere to the decision of this court, we withhold issuance of the formal writ.

. Van Cott v. Driver, Fla.App.1971, 243 So.2d 457; Lanzetta v. New Jersey (1939) 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888, 892, 893; see also Aztec Motel, Inc. v. State ex rel. Faircloth, Fla. 1971, 251 So.2d 849.