ON PETITION FOR REHEARING GRANTED
PER CURIAM.
The appellants have filed a petition for rehearing addressed to our order filed on February 3, 1972, affirming the judgments of conviction appealed from herein on the authority of Driver v. Van Cott, Florida Supreme Court, 257 So.2d 541, opinion filed on December 15, 1971. Upon reconsideration of our said order affirming the judgments, of conviction, we adhere to that order. However, in entering our order, contend the petitioners, we overlooked one of their points on appeal — namely, that the sentences imposed in those judgments are invalid under the decision of the United States Supreme Court in Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed. 2d 586 (1970), which court held that “an indigent criminal defendant may not be imprisoned in default of payment of a fine beyond the maximum authorized by statute regulating the substantive offense.”
In the case at bar the sentences of both indigent appellants exceeded the statutory limits only insofar as they were assessed costs, or in the event of nonpayment, additional imprisonment. Appellant Broxson was convicted of violating Section 811.20, Florida Statutes, F.S.A., receiving the maximum sentence of 5 years, and of violating Section 790.23, Florida Statutes, F.S.A., receiving the maximum sentence of 20 years, the two sentences to run consecutively. Those sentences are affirmed. In addition, however, he was sentenced to pay $1 or one day in each of his two cases, plus $35 in each case or thirty days to run consecutively. Appellant Dancer was convicted of violating Section 811.20, Florida Statutes, F.S.A., and received the maximum sentence of 5 years, which sentence is affirmed. He was also assessed $1 cost or one day for his one case, plus $35 or thirty days to run consecutively. The sentences imposed in the event of nonpayment of costs were thus invalid under the Williams decision in that they exceeded the maximum sentences which could have lawfully been imposed.
The appellants’ petition for rehearing is granted. Our order filed February 3, 1972, is reconsidered and affirmed in regard to the judgments of conviction and sentences appealed except for that part of each appellant’s sentence assessing costs, or in case of default of payment thereof additional imprisonment, which is vacated and set aside.
Affirmed in part and reversed in part.
CARROLL, DONALD K., Acting C. J., and RAWLS and JOHNSON, JJ., concur.