**Beatrice TOOTEN, Petitioner-Appellant,**

v.

**Robert L. SHEVIN, Attorney General, State of Florida, and Reubin O'D. Askew, Governor, and the State of Florida, Respondents-Appellees.**

**No. 73-3816**

**Summary Calendar \*.**

United States Court of Appeals, Fifth Circuit.

April 25, 1974.

---

\* Rule 18, 5th Cir. see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Phillip A. Hubbart, William Aaron, Bennett H. Brummer, Asst. Public Defenders, Miami, Fla., for petitioner-appellant.

J. Robert Olian, Asst. Atty. Gen., Miami, Fla., for respondents-appellees.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GEWIN, Circuit Judge:

Today we must decide whether a pretrial application for a writ of prohibition addressed to a state supreme court satisfies the exhaustion requirement which is a prerequisite before seeking

federal habeas corpus relief.[1] In recognition of the value of the underlying policies which buttress the exhaustion rule, requiring an initial presentation of habeas corpus claims to the state court system, we hold that it does not.

Beatrice Tooten, a non-physician, is charged under the Florida abortion statute[2] with performing an illegal abortion in an unapproved facility. In response to the charges she moved to dismiss contending that the Florida statute is unconstitutional.[3] The trial court denied her motion. She then applied to the Florida Supreme Court for a writ of prohibition alleging that the unconstitutional abortion statute deprived the trial court of jurisdiction. Although the extraordinary writ of prohibition will lie to bar a state criminal prosecution based upon an unconstitutional statute,[4] the Florida Supreme Court summarily denied her application.[5]

On this appeal she argues that she has properly presented Florida's highest state court with an opportunity to pass upon her claim, and thus she has exhausted her state remedies. The federal district court rejected her exhaustion contention and suggested that she allow the Florida state courts a chance to consider her arguments during the trial and appellate process. We affirm.

■ Although federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled.[6] The exhaustion doctrine is a judicially crafted requirement, now considered jurisdictional,[7] which is firmly rooted in sound considerations of federal-state comity. Two significant interests have been identified which are protected by the policy of exhaustion.

First, exhaustion preserves the role of the state courts in the application and enforcement of federal law. Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, exhaustion preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners

---

1. A prejudgment petition for a writ of habeas corpus is filed pursuant to 28 U.S.C. § 2241. Prisoners in custody pursuant to the judgment of a state court file habeas corpus petitions pursuant to 28 U.S.C. § 2254.

2. F.S.A. § 458.22(2).

3. As a basis for her constitutional attack the appellant relied on Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973); and a three-judge court decision dealing specifically with the Florida statute, Coe v. Gerstein, 376 F.Supp. 695 (S.D.Fla.1973) [No. 72–1842–CIV–JE, August 13, 1973].

4. See Van Cott v. Driver, 243 So.2d 457 (Fla. App.2d Dist.1971) reversed on other grounds, 257 So.2d 541 (Fla.1971). Van Cott stated, "Prohibition will also lie where jurisdiction was never conferred because the statute was void for being unconstitutional."

5. Florida Appellate Rule 4.5(d)(2), 32 F.S.A. provides:
 d. Prohibition
 (2) *Issuance of Rule.* If the suggestion makes a prima facie case the Court will issue a rule directing the inferior court to show cause on a day certain why the writ as prayed for should not issue; and such rule shall operate as a supersedeas when the same has been issued and notice thereof given to respondent.
 On May 23, 1973 the appellant's suggestion for a writ was denied without the issuance of a rule to show cause.

6. Braden v. Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed. 2d 443 (1973); Fain v. Duff, 488 F.2d 218 (5th Cir. 1973). *See also* Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886).

7. The rule is not a limitation on federal power but merely an expression of federal policy. *See* Fay v. Noia, 372 U.S. 391, 420, 83 S.Ct. 822, 9 L.Ed.2d 837, 858 (1963). The exhaustion requirement has been codified specifically in 28 U.S.C.A. § 2254(b), however, it applies to habeas corpus petitions under all sections. Fain v. Duff, 488 F.2d 218 (5th Cir. 1973).

reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts.[8]

 These fundamental interests underlying the exhaustion doctrine are satisfied by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[9] Whatever may be the merits of her constitutional argument, the appellant has not presented the Florida courts with such an "initial opportunity" to promulgate a final and definitive ruling. Therefore, appellant's reliance on this court's recent decision in Fain v. Duff [10] is misplaced. In *Fain* the Florida courts on direct appeal fully considered the petitioner's double jeopardy contention; there was nothing more for the courts of Florida to say or do.[11] In the instant case, however, the Florida courts have yet to finally adjudicate the issue presented here. The writ of prohibition is an extraordinary writ. Even though an extraordinary writ may have been denied before trial upon the appellant's arguable constitutional claim, the Florida courts on direct appeal *may* adopt her position.

 The appellant contends that a direct appeal cannot vindicate her federal rights because she claims a right to freedom from an unconstitutional prosecution and the subjection to the rigors of a criminal trial. To support this position she relies again on Fain v. Duff. There the court noted that Fain was not merely asserting a federal defense to a state prosecution. Rather he was asserting a double jeopardy claim, and

that is a right to be free from a second prosecution, not merely a second punishment. This distinction provided further support for the *Fain* decision, but there the petitioner was entitled to a pretrial writ of habeas corpus not only because the claim was double jeopardy but also because he had exhausted his state remedies.

Interruption of the state proceedings in the present case would seem to frustrate the very policies upon which the exhaustion doctrine is based.[12] Exercising jurisdiction here would deprive the state appellate courts of a meaningful opportunity to analyze appellant's federal claims and to supervise the trial courts in the state judicial system. In Braden v. Judicial Circuit Court of Kentucky [13] a pre-trial habeas corpus writ was granted, but the court found that the petitioner had exhausted all available state court opportunities to establish his right to a speedy trial. Moreover, rather than trying to interrupt the orderly functioning of the state judicial process, as is the case here, Braden came to the federal court in order to enforce Kentucky's obligation to provide him with a forum. The *Braden* court carefully emphasized that nothing it said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.

 Challenging the constitutionality of the Florida statute appears to be merely a classic example of a federal defense to a state prosecution. Federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits

8. Note, Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1094 (1970), quoted with approval in Braden v. Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443, 450 (1973).

9. Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

10. 488 F.2d 218 (5th Cir. 1973).

11. The state trial court dismissed the indictment against Fain prior to trial. On the state's appeal an intermediate appellate court reversed. The Florida Supreme Court affirmed the appellate court in a per curiam opinion. *See* R. E. F. v. State, 265 So.2d 701 (Fla.1972).

12. *See* text accompanying footnote 8, *supra.*

13. 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.[14] The appellant maintains that "special circumstances" are present here in that she has attempted to have her claim vindicated by the state courts and that prior decisions [15] clearly establish the viability of her argument. This situation does not present the special circumstances envisioned by the courts.[16] As previously explained we do not regard her application for a writ of prohibition as an adequate attempt to obtain state vindication. In the somewhat analogous area of abstention a pending state criminal prosecution will not be enjoined absent "very unusual situations, . . . necessary to prevent immediate irreparable injury."[17] Irreparable injury will not ordinarily be deemed to be present where the threat to the plaintiff's federally protected rights can be eliminated by the defense of a single criminal prosecution.[18] Furthermore, special circumstances are not necessarily established by the alleged infallibility of the federal claim. Indeed, without reaching the merits of appellant's constitutional argument we take note of the fact that if her position is as clearly correct as she suggests, the Florida courts are surely capable of recognizing and vindicating her position.

Federal habeas corpus should not be used as a "pretrial motion forum for state prisoners."[19] To adopt appellant's contentions in this case would create just such a result. Accordingly the decision of the district court is affirmed.

Affirmed.

---

**14.** Braden v. Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed. 2d 443, 449 (1973).

**15.** See note 3, supra.

**16.** In his dissent in Braden v. Judicial Circuit Court of Kentucky, 410 U.S. 484, 508, 93 S.Ct. 1123, 1136, 35 L.Ed.2d 443, 456 (1973), Justice Rehnquist states that the situations in which pretrial habeas "is justified involve the lack of jurisdiction, under the Supremacy Clause, for the State to bring *any* criminal charges against the petitioner." (emphasis added).

**17.** Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

**18.** Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

**19.** Braden v. Judicial Circuit Court of Kentucky, 410 U.S. 484, 508, 93 S.Ct. 1123, 1136, 35 L.Ed.2d 443, 451 (1973).