HATCHETT, Justice.
This appeal is taken from a judgment of conviction entered in the Circuit Court, Tenth Judicial Circuit.[1] Appellant Cross-ley, defendant below, raised the question of the constitutionality of the statute under which he was charged, by timely filing a motion to dismiss the information.[2] The trial court explicitly rejected his contention that the statute was unconstitutional, in a written order denying the motion to dismiss. Because the trial court “initially and directly pass[ed] on the validity of a state statute," Florida Constitution, art. V § 3(b)(1) (1975), we have jurisdiction. Wooten v. State, 332 So.2d 15 (Fla.1976); Singletary v. State, 322 So.2d 551 (Fla.1975); Hurley v. State, 322 So.2d 506 (Fla.1975). We affirm.
The information filed against appellant accused him of a violation of Section 790.23, Florida Statutes (1975), which provides:
(1) It is unlawful for any person who has been convicted of a felony in the courts of this state or of a crime against the United States which is designated as a felony or convicted of an offense in any other state, territory, or country punishable by imprisonment for a term exceeding 1 year to own or to have in his care, custody, possession, or control any *19 firearm or to carry a concealed weapon, including all tear gas guns and chemical weapons or devices.
(2) This section shall not apply to a person convicted of a felony whose civil rights have been restored.
(3) Any person convicted of violating this section is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
After his motion to dismiss was denied, appellant pleaded nolo contendere, expressly preserving for appeal the question whether the motion to dismiss was properly denied. See Kelly v. State, 323 So.2d 565 (Fla.1975); Baker v. State, 323 So.2d 556 (Fla.1975); State v. Ashby, 245 So.2d 225 (Fla.1971). It is conceded that appellant was in possession of a firearm, having been previously convicted of a felony (aggravated assault), as alleged in the information.
Appellant contends that the statute is defective because subsection two excludes persons convicted of felonies, whose civil rights have been restored, from the prohibition in subsection one, against possession of firearms by felons. A predecessor [3] of present Section 790.23 exempted from its proscription not only convicted felons whose civil rights had been restored but also persons convicted of “antitrust violation, unfair trade practice, restraints of trade, nonsupport of dependents, bigamy, or other similar offense.” Fla.Laws, ch. 69-306 § 9 (1969) as amended Fla.Stat. § 790.23(2) (1975). Criminal defendants charged under the old statute, and who had previously been convicted of forgery and lottery law violations, argued in Driver v. Van Cott, 257 So.2d 541 (Fla.1971) (reh. den. 1972), that the exemption for “other similar offense [s]” was unconstitutionally vague. The Court was “impelled to agree” that the language complained of in Van Cott “does fail to meet the constitutional test of clarity,” 257 So.2d at 543, but declined to vitiate the whole statute on that account:
The holdings under review declaring the entire statute unconstitutional are inappropriate where the objectionable part of the statute can properly be eliminated without rendering the remainder of the statute incomplete or without causing results not contemplated by the Legislature. This is consistent with the policy of preserving the constitutionality of a statute if it is possible to do so by elimination of invalid clauses without destroying the legislative objectives. The constant standard of our authorities through the years has been that statutory enactments are to be interpreted so as to accomplish rather than defeat their purpose. Id. (footnotes omitted)
This reasoning applies with equal force in the present case. If there were merit in the contention that the exemption in subsection two of the present statute is constitutionally defective for vagueness, appellant’s conviction for violation of subsection one wpuld still stand.
We believe there is no merit, however, in the view that the exemption for convicts whose civil rights have been restored runs afoul of constitutional requirements, as we indicated in Driver v. Van Cott, supra:
The . . . clause . . . exempting those whose civil rights have been restored is, of course, clear and unambiguous and is constitutional. At 543.
To the same effect, we earlier held in Nelson v. State, 195 So.2d 853 (Fla.1967), as follows:
The statutory prohibition of possession of a pistol by one convicted of a felony, civil rights not restored, is a reasonable public safeguard.
We uphold the validity of § 790.23
At 855-6.
*20 See generally Florida Constitution, art. IV § 8 and art. VI § 4 (1975); Section 944.-292, Florida Statutes (1975) (“civil rights which shall be suspended by conviction are the rights to vote, hold public office, and serve on a jury”); In re Advisory Opinion of the Governor Civil Rights, 306 So.2d 520 (Fla.1975); Singleton v. State, 38 Fla. 297, 21 So. 21 (1896); State ex rel. Jones v. Morphonios, 258 So.2d 42 (Fla.App. 3d 1972).
The judgment of conviction is affirmed.
OVERTON, C. J, and ROBERTS, ADKINS, BOYD, ENGLAND and SUND-BERG, JJ., concur.

. No appeal was taken from two convictions for related offenses occurring the same day as the offense sub judice.

. The body of the motion to dismiss reads, as follows:
COMES NOW the Defendant, J. T. CROSSLEY, by and through his undersigned attorney, and respectfully moves this Honorable Court to dismiss the charges against him in the above entitled cause, and as good and sufficient grounds therefor, says:
1. That Chapter 790.23, Florida Statutes, the statutory basis for the subject charge, is vague and ambiguous, requiring persons to guess at its meaning and application, at their peril, hence is unconstitutional.
2. That the subject statute purports to make it a second degree felony for one who has been convicted of a felony to possess a firearm, exempting, however, from its purview those persons whose [sic] possess their Civil Rights.
3. Whatever a “Civil Right” is, it is urgently asserted that this Defendant has never lost his. True, this Defendant was convicted of a felony some years past, nowhere in the penal provisions of the statute under which Defendant was previously convicted did it provide, nor does it now provide, for the loss of Defendant’s Civil Rights upon conviction.
4. It is elementary that criminal statutes, particularly such as is the subject hereof, which seek to make a particular offense mal[um] prohibit [um], must be strictly construed. That is, if a statute does not provide within its four corners or by reference for the loss of Civil Rights upon conviction, such Civil Rights, whatever that may be, remain intact. It would seem a redundancy to point out that which has never been lost cannot be restored. If, then, the statute applies only to those persons who are devoid of Civil Rights, there must be some constitutional or statutory authority for divesting one of these mysterious Civil Rights, the possession of which is apparently inherent in citizenship.

. Fla.Laws, ch. 69-306 § 9 (1969) as amended Fla.Stat. § 790.23 (1975).