402 So.2d 78 (1981)
Roscoe WILLIAMS, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. XX-50.
District Court of Appeal of Florida, First District.
August 17, 1981.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
*79 Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant Roscoe Williams, Sr., appeals from an adjudication of guilt of possession of a firearm by a convicted felon. We affirm.
Sometime in the past, the appellant was convicted of a felony and lost his civil rights. On February 15, 1980, the appellant obtained an executive clemency order from the Governor with concurrence of the requisite members of the cabinet restoring appellant's civil rights "... except the specific authority to possess or own a firearm... ." Thereafter, appellant was charged with the crime of possession of a firearm by a convicted felon under § 790.23, Florida Statutes. The alleged unlawful possession was said to have occurred on March 15, 1980.
Section 790.23, Florida Statutes (1979) provides as follows:
(1) It is unlawful for any person who has been convicted of a felony in the courts of this state or of a crime against the United States which is designated as a felony or convicted of an offense in any other state, territory, or country punishable by imprisonment for a term exceeding 1 year to own or to have in his care, custody, possession, or control any firearm or electric weapon or device or to carry a concealed weapon, including all tear gas guns and chemical weapons or devices.
(2) This section shall not apply to a person convicted of a felony whose civil rights have been restored.
(3) Any person convicted of violating this section is guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
Appellant moved to dismiss the charge urging that his civil rights had been restored and, therefore he could not be convicted under the statute. The trial judge denied the motion and appellant pled nolo contendere to the charge conditioned upon his right to appeal the denial of the motion. This appeal followed appellant's conviction.
Appellant argues that § 944.292, Florida Statutes (1979) provides that a felon's "civil rights" shall be suspended unless reinstated by the Governor. He urges that because the statute does not define "civil rights", the term is ambiguous and should be construed in his favor, to wit, that the "civil rights" suspended do not included the right to possess a firearm. He further argues that although current Florida law does not define "civil rights", the former law, § 944.292, Florida Statutes (1975) (declared unconstitutional on unrelated grounds in In re: Advisory Opinion of the Governor Civil Rights, 306 So.2d 520 (Fla. 1975)), provided that the civil right suspended upon conviction of a crime "are the rights to vote, hold public office, and serve on a jury" and did not include the right to possess a firearm. See Crossley v. State, 334 So.2d 17, 20 (Fla. 1976). His conclusion is that since "civil rights" forfeited by the conviction of a felony does not include the right to possess a firearm, all of his "civil rights" have been restored and § 790.23(2) operates as a complete defense to possession of a firearm by a convicted felon.
We reject appellant's arguments and agree with the State. What appellant actually received was a partial restoration of his civil rights rather than a complete restoration. When the appellant was convicted of a felony, one of the rights that he previously held as a citizen, the right to possess a firearm, was taken away by virtue of § 790.23(1). Appellant could no longer legally possess or own a firearm. This was clearly a "civil right" that he no longer possessed. Under the Governor's discretionary clemency power (Article IV, § 8, Florida Constitution) appellant was restored to all other pre-conviction rights except the authority to possess or own a firearm. The trial court properly denied the motion to dismiss because appellant had not had his "civil rights" restored for purposes of § 790.23 when the event for which he was charged occurred.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.