COBB, Judge.
The appellant, Gary Ray France, appeals from his conviction of the offense of possession of a firearm by a felon in violation of section 790.23, Florida Statutes (1981). That section provides:
(1) It is unlawful for any person who has been convicted of a felony in the courts of this state or of a crime against the United States which is designated as a felony or convicted of an offense in any other state, territory, or country punishable by imprisonment for a term exceeding one year to own or to have in his care, custody, possession, or control any firearm or electric weapon or device or to carry a concealed weapon, including all tear gas guns and chemical weapons or devices.
(2) This section shall not apply to a person convicted of a felony whose civil rights have been restored.
(3) Any person convicted of violating this section is guilty of a felony of the second degree, punishable as provided in section 775.082, section 775.083, or section 775.-084.
Prior to this charge, France had received a Certificate of Restoration of Civil Rights from the governor’s office. It purported to restore France’s rights, “except the specific authority to possess or own a firearm.” On the basis of this Certificate, France moved to dismiss the charge, arguing that the governor was without constitutional authority under Article IV, Section 8(a) of the Florida Constitution to partially restore his rights and, therefore, the exception in the certificate relating to firearms was invalid. The constitutional provision states:
(a) Except in cases of treason and in cases where impeachment results in conviction, the governor may, by executive order filed with the secretary of state, suspend collection of fines and forfeitures, grant reprieves not exceeding sixty days and, with the approval of three members of the cabinet, grant full or conditional pardons, restore civil rights, commute punishment, and remit fines and forfeitures for offenses. [Emphasis added.]
The trial court, after argument which centered primarily upon the case of Williams v. State, 402 So.2d 78 (Fla. 1st DCA 1981), entered the following order:
AMENDED ORDER
THIS CAUSE coming on to be heard on March 17,1982, upon the motion of the defendant to dismiss the information charging the defendant with possession of a firearm by a felon on the basis that the Office of the Governor of the State of Florida acted contrary to Article 4, Section 8(a) of the Constitution of the State of Florida when the Office of Executive Clemency attempted to only partially re*store the defendant’s civil rights; and this Court hearing argument and being otherwise fully advised in the premises, it is
HELD that Article 4, Section 8(a) of the Constitution of the State of Florida was not violated by the Governor partially restoring the defendant’s civil rights, and specifically withholding the right to bear arms by a felon while otherwise restoring that felon’s civil rights, it is therefore
ORDERED AND ADJUDGED that the defendant’s Motion to Dismiss Count I of the Information is hereby denied.
That order resulted in a nolo contendere plea and consequent conviction, with preservation of the issue on appeal as to the constitutional validity of the exception in the restoration order executed by the governor. This issue, in accordance with a trial court stipulation, is dispositive of the charge now on appeal.
Williams v. State, 402 So.2d 78 (Fla. 1st DCA 1981), is factually analogous to the instant case. In Williams, the appellant appealed his adjudication of guilt for possession of a firearm, by a convicted felon. Williams previously had obtained an executive clemency order from the governor, restoring all his civil rights, except the specific authority to possess or own a firearm prior to the charge at issue. When he was later charged with possession of a firearm *430 by a felon under section 790.23, he moved to dismiss, claiming that his civil rights had been restored. After the trial judge denied the motion, Williams pled nolo contendere, reserving his right to appeal from the denial of the motion.
Williams contended on appeal that the civil rights suspended under section 944.292, Florida Statutes (1979),[1] do not include possession of a firearm so, therefore, all his civil rights were restored by the governor’s order, resulting in a complete defense under section 790.23(2) to the firearm charge. The First District rejected Williams’ argument, and affirmed the conviction, stating:
What appellant actually received was a partial restoration of his civil rights rather than a complete restoration. When the appellant was convicted of a felony, one of the rights that he previously held as a citizen, the right to possess a firearm, was taken away by virtue of section 790.23(1). Appellant can no longer legally possess or own a firearm. This was clearly a “civil right” that he no longer possessed. Under the governor’s discretionary clemency power (Article IV, Section 8, Florida Constitution), appellant was restored to all other pre-conviction rights except the authority to possess or own a firearm. The trial court properly dened the motion to dismiss because appellant had not had his “civil rights” restored for purposes of section 790.23 when the event for which he was charged occurred.
402 So.2d at 79.
Appellant contends that Williams is inapplicable to the instant case, since the court in Williams addressed only what rights were involved in “civil rights,” without addressing whether the right to partial restoration of all rights by the governor even exists. From the language quoted above, however, it is apparent that the Williams court did determine that partial restoration is properly within the governor’s discretionary authority under the Florida Constitution.
The power of pardon is reposed exclusively in the chief executive with the approval of three members of the cabinet. The people of the state, through adoption of Article IV, Section 8, Florida Constitution (1968), expressed their will that the power of pardon and restoration of civil rights vest in the executive. In Re Advisory Opinion of Governor Civil Rights, 306 So.2d 520 (Fla.1975).
Pursuant to its power, the governor and cabinet adopted the Rules of Executive Clemency on September 10, 1975. Section 9(A) of the Rules, effective November 1, 1975, provides as follows:
When a person receives final release from the Florida Parole and Probation Commission Department of Offender Rehabilitation or county jail, his civil rights shall be automatically reinstated, except the right to possess or own a firearm shall be specifically withheld.
In Re Florida Board of Bar Examiners, 341 So.2d 503 at 505 (Fla.1976).[2]
Additionally, Section 4(E) of the Rules provides:
RESTORATION OF CIVIL RIGHTS. Restores to the applicant all or some of the rights of citizenship enjoyed before conviction in the State of Florida or restores all or some civil rights in the state for persons convicted under the laws of another state or government.
Quoted at 341 So.2d 505.
It is clear that the executive branch has provided under these rules for restora *431 tion of some, but not all, civil rights for released felons. Given the broad discretion granted the executive branch and the policy sought to be served by restricting the use of firearms by felons, we perceive no constitutional deprivation.
Accordingly, the judgment and sentence of the trial court are
AFFIRMED.
ORFINGER, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.

. Section 944.292 states:
Upon conviction of a felony as defined in Section 10, Article X of the State Constitution, the civil rights of the person convicted shall be suspended in Florida until such rights are restored by a full pardon, conditional pardon, or restoration of civil rights granted pursuant to Section 8, Article IV of the State Constitution.

. In Re Florida Board of Bar Examiners dealt with admission to the Bar following restoration of civil rights. The Supreme Court stated, in regard to Section 9(A):
We feel constrained to comment that the constitutionality vel non of this Rule has not yet been presented to the Court as an alleged violation of Article IV, Section 8, Constitution of Florida.
341 So.2d at 505.