438 So.2d 1005 (1983)
James Edward THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-684.
District Court of Appeal of Florida, Second District.
October 12, 1983.
*1006 Jerry Hill, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant appeals his convictions for carrying a concealed firearm, possession of a controlled substance, and possession of a firearm by a convicted felon. He raises two points, neither of which has merit, although one deserves comment.
Defendant's conviction for possession of a firearm by a convicted felon was based on his violation of section 790.23, Florida Statutes (1981). Defendant points out that while section 944.292, Florida Statutes (1981), provides for suspension of a convicted felon's civil rights, it does not specifically define "civil rights." Thus, he argues, the statute should be construed in his favor by our holding that when his "civil rights" were suspended, his right to possess a firearm was not. Further, he argues that even if his right to possess a firearm was suspended, that section 790.23 is not applicable to him because his civil rights were restored when the governor's office issued a "Certificate of Restoration of Civil Rights" on January 16, 1981. See § 790.23(2). This document restored his civil rights "except the specific authority to possess or own a firearm."
Defendant's arguments parallel those advanced in Williams v. State, 402 So.2d 78 (Fla. 1st DCA 1981), and France v. State, 436 So.2d 428 (Fla. 5th DCA 1983). In these cases our sister courts rejected these contentions, holding that the right to possess a firearm is a civil right and that a partial restoration of civil rights such as defendant here received is within the governor's discretionary power of clemency under Article IV, section 8, Florida Constitution. We agree with our sister courts.
Accordingly, we affirm defendant's convictions and sentences.
RYDER and CAMPBELL, JJ., concur.