**Gregory Bernard HOWARD, Movant,**

v.

**UNITED STATES of America, Respondent.**

Nos. 95–511–CIV–ATKINS, 91–246–CR–ATKINS.

United States District Court, S.D. Florida.

Sept. 8, 1995.

Gregory Bernard Howard, pro se.

Kendall Coffey, United States Attorney, Janice LeClainche, Assistant U.S. Attorney, of counsel, Miami, Florida, for U.S.

*ORDER DENYING DEFENDANT'S MO-
TION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28
U.S.C. § 2255 AND ADOPTING THE
REPORT AND RECOMMENDATION*

ATKINS, Senior District Judge.

THIS MATTER is before the court on Movant Howard's (Howard) Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (d.e. 76 in Case no. 91–246–CR–ATKINS). After careful consideration of the motion, the government's response, the Report and Recommendation (R & R), the objections thereto, and the entire file in the case, it is

ORDERED AND ADJUDGED that:

(1) The June 14, 1995 R & R is hereby *ADOPTED* in as far as it denies Howard's motion.

(2) Howard's Motion under 28 U.S.C. § 2255 is hereby *DENIED.*

### DISCUSSION

#### A

Defendant Howard is currently serving a 180–month sentence in the United States Penitentiary in Lewisburg Pennsylvania for his conviction under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon. The length of Howard's sentence is a result of the Government's successful attempt to bring the enhanced sentencing provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), to bear during the sentencing hearing. After sentencing, Howard brought a timely appeal challenging both the conviction and sentence, relying on a claim of ineffective assistance of counsel and allegations of perjurious testimony by prosecution witnesses. The Court of Appeals rejected the appeal, affirming the actions of the district court (d.e. 75 in Case no. 91–246–CR–ATKINS). After the failure of his appeal, Howard filed this § 2255 motion challenging the original indictment on the grounds that he was not a convicted felon for purposes of § 922(g)(1) because the State of Florida restored his civil rights following his release from prison (d.e. No. 76 in Case No. 91–246–CR–ATKINS).

Howard did not raise the specific bases for relief requested in the instant § 2255 motion at trial or on appeal. Consequently, the Government argues that Howard is procedurally barred from raising these new objections in the present motion. The Honorable Magistrate Judge Lurana S. Snow, in her R & R of June 14, 1995, did not decide this issue conclusively, but did feel that Howard had likely waived his right to raise new issues in this motion. *See* R & R, June 14, 1995 at 3.

In determining whether a movant in a § 2255 motion may raise issues not raised at trial or on appeal, the standard requirement is that the movant must show "cause" and "prejudice." *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Parks v. United States,* 832 F.2d 1244 (11th Cir.1987). The Magistrate Judge concluded that the "movant has not offered any explanation for his failure to raise in prior proceedings the issue of the alleged restoration of his civil rights." *See* R & R, June 14, 1995, at 3. In his traverse (d.e. 82 in Case no. 91–246–CR–ATKINS) Howard did attempt to address those issues, putting forward an ineffective assistance of counsel argument. The Supreme Court, in *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986), and later in *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), has decided that a successful ineffective assistance of counsel argument may constitute cause for failure to raise issues at trial or on direct appeal. Further, Howard is not currently barred from raising this claim pursuant to the Court of Appeals unpublished opinion in his direct appeal.[1]

The Supreme Court has articulated a two-part test for determining whether a

---

1. The Court of Appeals held "Howard remains free to raise his ineffective assistance claims in a 28 U.S.C. § 2255 proceeding, and if he does, the fact that he attempted unsuccessfully to raise those claims in the motion for new trial should not affect their treatment as first petition claims." *See U.S. v. Howard,* No. 92–5193. slip op. at 1, 40 F.3d 388 (11th Cir. Nov. 10, 1992) (d.e. 75 in Case No. 91–246–CR–ATKINS).

claim of ineffective assistance of counsel may be sustained. First, the defendant must show that counsel made errors so serious that "counsel's representation fell below an objective standard of reasonableness." Second, it is incumbent on the defendant to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Stano v. Dugger,* 921 F.2d 1125, 1149 (11th Cir.1991) (*quoting Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984)).

■ To meet this standard, Howard argues that counsel's failure to investigate prior convictions to determine whether they could be used as predicate offenses for purposes of both § 922(g)(1) and § 924(e)(1) constitutes ineffective assistance of counsel. From the facts alleged, and from the entire record before this Court, Howard has not persuaded that the lack of investigation was unreasonable. More important, Howard has not demonstrated that such a failure could have affected the outcome of his trial or appeal.

### B

■ The magistrate judge correctly held that Howard was unable to show cause or prejudice necessary to meet the standard as envisioned by the Supreme Court in *Frady*. In the vast majority of cases this discussion would be enough, and Howard would be barred from raising new issues in the present § 2255 motion. However, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649. Howard's § 2255 claim is clearly the type intended to fall within this so-called "fundamental miscarriage of justice" exception for procedural default.

In *Gonzalez v. Abbott,* 967 F.2d 1499 (11th Cir.1992), *cert. den.* —— U.S. ——, 114 S.Ct. 257, 126 L.Ed.2d 210 (1993), the petitioner challenged his conviction for cocaine conspiracy on grounds which had not previously been raised at trial or on direct appeal. The basis for Gonzalez' motion was that the state legislature had repealed the statute creating the offense for which he was convicted. *Id.* at 1504. Since his conviction was based on a statute that was arguably no longer in force at the time of the alleged offense, it was possible that his conviction was void. Nonetheless, the district court held the claim procedurally barred and refused to consider the argument on the merits.

The Court of Appeals, in overturning that decision, held, "this claim, if legally founded, establishes that Gonzalez' conviction ... is void and cannot be a legal cause of imprisonment—notwithstanding any procedural default." *Id.* at 1504. In the end, the Court declared that where a petitioner "argues that he was convicted for conduct that was not a crime, and that he is therefore 'actually innocent'.... habeas relief is not procedurally barred by the ... failure to assert [the] claim at an earlier stage." *Id.* at 1504 (citing *Murray v. Carrier, supra; Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *See also U.S. v. Mills,* 817 F.Supp. 1546 (N.D.Fla.1993), *aff'd* 36 F.3d 1052 (11th Cir.1994), *cert. den.* —— U.S. ——, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995).

Howard's claim in the present motion falls within that class of cases envisioned by the Court of Appeals in *Gonzalez.* Essentially, Howard argues that since Florida restored his civil rights after his release from prison, then he could not be a "convicted felon" for purposes of 18 U.S.C. § 922(g)(1). In order for an individual to be guilty of possession of a firearm by a convicted felon they must have been "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year...." 18 U.S.C. § 922(g)(1) (1995). However, under the express language of 18 U.S.C. § 921(a)(20), "any conviction which has been expunged or set aside or for which a person has been pardoned *or had his civil rights restored* shall not be considered a conviction" for purposes of § 922(g)(1).

If Howard is correct that Florida restored his civil rights, then he clearly could not be guilty of a § 922(g)(1) offense. In effect,

Howard has produced an argument that, if valid, would make him innocent of the crime for which he is currently imprisoned. This argument is not new to the Eleventh Circuit. In 1991, in *United States v. Swanson*, 947 F.2d 914 (11th Cir.1991), the Court of Appeals upheld the dismissal of an indictment under § 922(g)(1) based on exactly the type of argument that Howard now puts forth. Such a case undoubtedly falls within the fundamental miscarriage of justice exception for procedural default. As a result, Howard's claim is not procedurally barred.

## C

Turning now to the merits of Howard's argument, it quickly becomes apparent that he has failed to meet the burden of proof necessary to succeed in the current motion. It is true that § 921(a)(20) exempts prior convictions in which the felon's civil rights have been restored. Further, it is also uncontested that the State of Florida restored Howard's civil rights upon his release from prison.[2] This is not, however, the end of the inquiry.

 Section 921(a)(20), referred to above, does state that prior convictions may not be counted as predicate offenses for purposes of § 922(g)(1) if civil rights have been restored to the felon. However, that same section goes on to state that convictions for which civil rights have been restored *may* count as predicate offenses for purposes of § 922(g)(1) if the "restoration of civil rights *expressly* provides that the person may not ship, transport, possess, or receive firearms." § 921(a)(20).[3] The central questions for determining the merits of Howard's motion, therefore, revolve around the alleged restoration of Howard's civil rights by the State of Florida. If Florida granted Howard all of his civil rights, without explicit reservation, then this motion would have to be granted. *See Swanson, supra.* On the other hand, if

Florida explicitly informed Howard that firearm use was not to be restored then the original indictment, conviction, and sentence must stand. *See James v. U.S.*, 19 F.3d 1, 2 (11th Cir.1994). In making these determinations, the Court must look to the whole of Florida law when determining the meaning and extent of restoration of civil rights. *See James, supra; U.S. v. Cassidy*, 899 F.2d 543, 549 (6th Cir.1990).

As a factual matter, the Government has offered evidence, in the form of the certificates provided by the State of Florida, to show that Howard was not granted the right to use or possess firearms. The Government, in its submitted certificates from Florida's Office of Executive Clemency, declared that "Howard ... was granted automatic restoration of civil rights *except the specific authority to possess or own a firearm....*" (d.e. 81, Exhibits 3 & 4 in Case No. 91–246–CR–ATKINS) (emphasis added). However, the usefulness of these certificates is in some question. The certificates only provide evidence that the State did not intend to unite firearm use with other civil rights. By the language of § 921(a)(20), the issue before the Court is not whether Howard was granted *specific* authority to possess firearms, but whether, in restoring Howard's rights the State either *explicitly* reserved that right from restoration in the language of the certificate, or told Howard "point blank" that firearm use or possession is prohibited. *U.S. v. Erwin*, 902 F.2d 510, 513 (7th Cir.1990); *Swanson, supra.* Nonetheless, the certificates do tend to show that the State's practice is to exempt firearm rights from certificates issued to individuals. This is given further support by cases where such certificates are shown to have clearly informed recipients that firearm rights are not included. *See James, supra* (noting that "James' Certificate of restoration of Civil Rights expressly grants the restoration of civil rights

---

**2.** The Government in its response to Howard's § 2255 motion included certificates from the Office of Executive Clemency which admit that they restored Howard's civil rights on July 5, 1990. (d.e. 81, Exhibits 3 & 4 in Case No. 91–246–CR–ATKINS).

**3.** Howard also argues that his prior convictions should not count towards the sentencing provisions of § 924(e)(1). This argument is superfluous because if successful in his motion, Howard will be innocent of the crime of possession of a firearm under § 922(g)(1). Section 924(e)(1) *only* applies to those defendants convicted of a § 922(g)(1) offense.

'except the specific authority to possess or own a firearm.'"); *France v. State,* 436 So.2d 428 (Fla.Dist.Ct.App.1983); *Thompson v. State,* 438 So.2d 1005 (Fla.Dist.Ct.App.1983).

Florida statutes, like the certificates above, do not provide any clear guidance whether Florida explicitly informed Howard that the right to own firearms was excluded. Florida Statutes § 940.05 provides that "[a]ny person who has been convicted of a felony may be entitled to the restoration of all rights of citizenship enjoyed by him prior to his conviction if he has ... [s]erved the maximum term of the sentence imposed upon him...." *Fla.Stat.* § 940.05(2). This section of the statute obviously fails to omit expressly the right to possess or use firearms from the civil rights that may be restored.

Other statutes fail to provide any clearer sense of Florida's view towards the exact policy on the restoration of civil rights. For instance, in § 790.23(1) the Florida legislature makes it a crime for a convicted felon to possess or use a firearm. However, the Florida statute, as written in 1992, contained a general exemption for "a person convicted of a felony whose civil rights have been restored."[4] No difference is noted between those whose civil rights are restored and those whose civil rights *except* firearm use are restored. From the language of these two statutes it seems that Florida, at least in 1992, did not statutorily restrict the meaning of "civil rights" to exclude firearm rights.

The only explicit exception made that this Court is aware of is found in the *Rules for Executive Clemency (Rules). Fla.Admin.Code Ann.* 27–App (1992). According to Rule 9A, "an applicant shall have his or her civil residence rights (*excluding the specific authority to own, possess, or use firearms*) restored without a hearing" if the applicant meets certain conditions. What is not clear from the record before this Court is whether Howard applied to have his civil rights restored or the Office of Executive Clemency automatically grants those rights without application. In the latter scenario it is not altogether apparent that the *Rules* would apply in that they specifically relate to "ap-

plicants" and do not seem to include provisions for non-applicants. At the least, the *Rules* provide more support for the Government's apparent contention that all felons when receiving restoration of their civil rights, are explicitly informed that the right to use or possess firearms is not included among them.

■ The Government's failure to provide any substantial support for its contention that Howard was explicitly informed that firearm use was not restored is certainly disturbing. In the end, however, Howard's § 2255 motion must be denied. As in any other motion, the burden of proof lies on the movant. In the present motion, Howard has relied exclusively on legal arguments that the Florida statutes in question do not "explicitly" exempt firearm use from the term "civil rights." The general wording of § 940.05, including the use of the word "may" to clarify that the regranting of rights is not always automatic, coupled with the specific exclusionary language of Rule 9A of the *Rules* leads this Court to conclude that Florida has a practice of exempting firearm use from those civil rights restored to convicted felons. Further, recent cases have specifically turned on the fact that certificates issued to individuals eligible for restoration *did* specifically exclude firearm use from those rights regranted. *See cases cited supra.*

Were Howard able to show that the certificate issued to him did not contain such language, or that when he was informed that his rights had been regranted he was not apprised of any restriction on firearm use, then this Court would have no choice but to grant the motion. However, Howard has failed to allege or produce evidence tending to prove any such facts. As a result, Howard has clearly failed to carry his burden of proof, and the motion is hereby **DENIED.** Accordingly, this case is **DISMISSED.**

DONE AND ORDERED.

---

4. This section of the statute was amended in 1993 to specify that a person's "firearm authori-

ty" must also be restored in order to be exempted. Fla.Stat.Ann. § 790.23(1) (1995).