WILSON, T., Associate Judge.
After pleading no contest to possession of ammunition by a convicted felon, Jerry Parker appealed the denial of his dispositive motion to dismiss, where he alleged that section 790.23(2)(a), Florida Statutes (2017), unconstitutionally infringed on the executive branch's authority to restore civil rights. We disagree and affirm the trial court's denial of Parker's motion to dismiss.
In 1987, Parker was convicted of burglary of a structure, a third-degree felony. One year later, the Office of Executive Clemency ("the executive branch") restored Parker's civil rights except the specific authority to possess or own a firearm. In 2017, police searched Parker's home pursuant to a search warrant and discovered twelve rounds of live ammunition on his nightstand. The State charged Parker with possession of ammunition by a convicted felon in violation of section 790.23(1)(a).
Parker moved to dismiss the information, arguing that the legislature, by implementing section 790.23(2)(a), infringed on the executive branch's power to restore civil rights. He also alleged that when the governor restored his rights, he obtained the right to possess all property, including ammunition, and any restriction *194 thereof amounted to a due process violation. Parker's argument lacks merit, and as such, the trial court did not err in denying his motion to dismiss.
"A trial court's decision on the constitutionality of a statute is subject to de novo review." Crist v. Fla. Ass'n of Crim. Def. Lawyers, Inc. , 978 So.2d 134, 139 (Fla. 2008) (citations omitted). There is a "well-established principle that a legislative enactment is presumed to be constitutional." Lawnwood Med. Ctr., Inc. v. Seeger , 990 So.2d 503, 508 (Fla. 2008) (citing Fla. Dep't of Rev. v. City of Gainesville , 918 So.2d 250, 256 (Fla. 2005) ). Whenever possible, courts should construe a challenged law to effect a constitutional outcome. Fla. Dep't of Rev. v. Howard , 916 So.2d 640, 642 (Fla. 2005) (citations omitted).
Section 790.23, Florida Statutes (2017), provides, in pertinent part:
(1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:
(a) Convicted of a felony in the courts of this state;
....
(2) This section shall not apply to a person:
(a) Convicted of a felony whose civil rights and firearm authority have been restored.
(emphasis added).
Article IV, section 8 of Florida's Constitution provides, in part, that "the governor may, by executive order ... restore civil rights ...." Fla. Const. art. IV, § 8. The authority to restore civil rights belongs solely to the executive branch and cannot be infringed upon by the legislative or judicial branches. See Sullivan v. Askew , 348 So.2d 312, 314-16 (Fla. 1977) ; France v. State , 436 So.2d 428, 430 (Fla. 5th DCA 1983). Moreover, the executive branch's authority to restore an individual's civil rights is discretionary. See United States v. Owens , 15 F.3d 995, 997 (11th Cir. 1994) (discussing how Florida law "dictates that the restoration of civil rights resides within the discretionary power of the governor ..."). Thus, it is within the executive branch's discretionary authority to grant a full or partial restoration of civil rights, and an individual is not constitutionally deprived by receiving only a partial restoration of his or her civil rights. See France , 436 So.2d at 430-31 ; Thompson v. State , 438 So.2d 1005, 1006 (Fla. 2d DCA 1983) ; Williams v. State , 402 So.2d 78, 79 (Fla. 1st DCA 1981).
The crux of Parker's argument is that the restoration of rights permitted him to possess all things except a firearm, and any limitation on what he could possess violated his due process rights. Parker's argument misses the point. In this case, the governor only partially restored Parker's civil rights, which did not include the specific right to possess a firearm. In its role as the state's lawmaking body, the legislature has expressly prohibited felons who have not been granted the authority to possess a firearm from possessing ammunition. Therefore, in the hands of a convicted felon, who has received only a partial restoration of civil rights, ammunition is akin to contraband. As Parker was not granted authority to possess a firearm, section 790.23 also prohibited him from possessing ammunition.
The statute's plain language leads to the conclusion that the legislature has not usurped the executive branch's authority regarding restoration of rights under subsection (2)(a). Subsection (2)(a) works in *195 conjunction with, not in the place of, the executive branch's sole authority to restore civil rights to convicted felons. As such, this Court affirms.
AFFIRMED.
TORPY and GROSSHANS, JJ., concur.