UNITED STATES of America,
Plaintiff–Appellee,

v.

Harry H. OWENS, a/k/a Bessellieu,
Jamesea, Defendant–Appellant.

No. 91–5463.

United States Court of Appeals,
Eleventh Circuit.

Feb. 15, 1994.

Scott T. Trell, Miami, FL, for defendant-appellant.

Dawn Bowen, Linda Collins Hertz, Lisa T. Rubio, Miami, FL, for plaintiff-appellee.

Before KRAVITCH, ANDERSON and EDMONDSON, Circuit Judges.

KRAVITCH, Circuit Judge:

Harry Owens was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was given an enhanced sentence pursuant to the provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e). On appeal, Owens raises three issues challenging both his conviction and sentence: (1) that his civil rights have been restored to him under Florida law, rendering his conviction void; (2) that imposition of an enhanced sentence in this instance conflicts with the legislative goals of § 924(e); and (3) that the district court erred in determining that it did not have the discretion to review the constitutionality of his prior convictions used to enhance his sentence under § 924(e). We affirm both the conviction and sentence.

I.

Owens was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] Prior to trial, the government filed notice of its intent to rely on the penalty enhancement provisions set forth in § 924(e) should Owens be convicted. In response, Owens filed a motion requesting that the statute be found inapplicable to his case under *United States v. Balascsak,* 873 F.2d 673 (3rd Cir.1989), *cert. denied,* 498 U.S. 864, 111 S.Ct. 173, 112 L.Ed.2d 138 (1990).[2] At the hearing on Owens's motion, Owens also challenged his previous convictions, contending that he had not committed all of the criminal acts to which he had pled guilty.[3] Owens argued that he had been fourteen years old at the time of his convictions, that he had pled guilty at the urging of his public defender and without consulting his parents, and that no adult had been present at the time of his plea. The district court declined to rule on the motion at that time, suggesting that the request to review the constitutionality of the prior convictions would be more properly resolved in a habeas corpus petition. At sentencing Owens again raised the issue of his prior convictions, arguing that the plea colloquy underlying those convictions had been inadequate and that his guilty pleas were therefore unknowing and involuntary pursuant to *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[4] In support of this contention, Owens pointed to the cursory and abbreviated nature of the proceeding in which the pleas had been accepted, and noted that he never formally entered a guilty plea to any charge on the record. The district court again stated that Owens's collateral attack on his prior convictions should be addressed in a habeas corpus proceeding, and determined that it had neither the authority nor the discretion to examine the constitutionality of Owens's prior convictions. The court concluded that § 924(e) was applicable to Owens, and sentenced him to impris-

---

1. The statute provides that "[i]t shall be unlawful for any person—

 (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
 to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
 18 U.S.C. § 922(g)(1).

2. In *Balascsak,* the Third Circuit concluded that Congress could not have intended that the Armed Career Criminal Act be implemented to enhance a sentence when the prior convictions all arose from a single criminal "episode." This reason-

ing was rejected by the Eleventh Circuit in *United States v. Howard,* 918 F.2d 1529 (11th Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2240, 114 L.Ed.2d 482 (1991), in which this court held that temporally distinct criminal acts could be deemed separate convictions, even if resolved together in one proceeding, for purposes of sentencing under the Armed Career Criminal Act.

3. In 1983, Owens pled guilty to burglary, armed robbery, and attempted strong-armed robbery.

4. In *Boykin,* the Court found reversible error where the trial court accepted a defendant's guilty plea without creating a record showing that the plea was knowing and voluntary. *See Parke v. Raley,* —— U.S. ——, ——, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992).

onment for 180 months, to be followed by a five-year term of supervised release.

## II.

 The statute under which Owens was indicted and convicted, 18 U.S.C. § 922(g)(1), requires that the defendant have had a prior felony conviction. A conviction is defined as follows:

> What constitutes a conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has had his civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.

18 U.S.C. § 921(a)(20) (1992). Florida law provides that civil rights may be restored to an individual who has:

> (1) Received a full pardon from the board of pardons,
>
> (2) Served the maximum term of the sentence imposed upon him, or
>
> (3) Been granted his final release by the Parole Commission.

Fla.Stat. § 940.05 (1988). Based on this statute, Owens contends that because he served his entire sentence on the previous convictions, his civil rights should be deemed automatically restored.[5]

Florida Statute § 944.292 provides that "[u]pon conviction of a felony ... the civil rights of the person convicted shall be suspended in Florida until such rights are restored by full pardon, conditional pardon, or restoration of civil rights granted pursuant to § 8, Art. IV of the State Constitution." The referenced constitutional provision confers upon the governor discretion to grant full or conditional pardons and to restore civil rights. Florida decisional law dictates that the restoration of civil rights resides within the discretionary power of the governor or the Board of Pardons and Paroles. *See, e.g., Williams v. State*, 402 So.2d 78, 79 (Fla.Dist. Ct.App.1981) ("What appellant actually received was a partial restoration of his civil rights rather than a complete restoration. Under the governor's discretionary clemency power, appellant was restored to all other preconviction rights except the authority to possess or own a firearm."); *Thompson v. State*, 438 So.2d 1005, 1006 (Fla.Dist.Ct.App. 1983) ("[T]he right to possess a firearm is a civil right and ... a partial restoration of civil rights such as defendant here received is within the governor's discretionary power of clemency under Article IV, Section 8, Florida Constitution.").[6] Owens's statements regarding whether he has made any affirmative attempt to receive an official restoration of his civil rights are ambiguous at best; in fact, he apparently concedes that he is unsure of the extent to which such an application has been executed or whether it is currently being considered. Because Florida courts uniformly have held that the restoration of civil rights to a prisoner upon release from state custody is neither automatic nor *pro forma*, but is solely within the province of the governor's discretionary function, and in view

---

**5.** Alternately, Owens suggests that even if the restoration of civil rights is not automatic under state law, it is *"pro forma."* Consequently, Owens argues that he was entitled to carry a firearm, that he was not a convicted felon within the meaning of the federal statute, that there was no predicate offense for the federal charge, and that his conviction should be reversed on this basis. However, Owens subsequently states in a footnote:

> Undersigned counsel is in the process of obtaining the necessary information to establish whether Mr. Owens' civil rights were restored and, if so, what rights were so restored. Accordingly, counsel respectfully suggests that remand to the district court is appropriate so it

may consider this issue to make the appropriate findings for review by this court.
(Reply Brief at 19 n. 15.)

**6.** Owens cites *United States v. Swanson*, 947 F.2d 914 (11th Cir.1991), in which the Eleventh Circuit held that where an individual's civil rights have been restored under Alabama state law, the prior conviction cannot be used as a basis for a charge of possession of a firearm by a convicted felon. In *Swanson*, however, the defendant had received a certificate issued by the Alabama Board of Pardons and Paroles restoring his civil rights. Here, Owens concedes that he has not received any formal or official indication that his civil rights have been restored.

of Owens's failure to provide this court with any evidence that such a restoration of rights has already occurred, Owens's challenge to his conviction on this basis must fail.

## III.

■ Owens advances two reasons why § 924(e) is inapplicable to his conviction. First, Owens asserts that he is not the type of defendant to which the Armed Career Criminal Act was intended to apply due to his youth at the time the earlier criminal acts were committed, and urges this court to permit him to be resentenced under the Sentencing Guidelines. Second, Owens suggests that his prior felony convictions, which were all resolved in one proceeding, should not be counted as three separate convictions. Owens submits that the circuits have reached "wildly varying results" in construing the question of what constitutes a "criminal conviction" under the Act, and he proposes that this court adopt a "new approach."

The plain language of the Armed Career Criminal Act reveals that Owens's first contention regarding the inapplicability of the Act to his juvenile convictions is without merit. 18 U.S.C. § 924(2)(c) specifies that "the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." Congress thus explicitly includes juvenile offenses within the purview of its definition of "prior convictions" under the Act.

■ Owens's second contention, that the divergence of views on the definition of a single "criminal conviction" under the Act militates in favor of this court's adoption of a "new approach," is not supported by this circuit's precedent. This court has held that "section 924(e) requires three previous convictions where the predicate offenses were

'committed on occasions different from one another.' The statute does not require separate indictments; the final conviction under section 922(g) must merely be preceded by three convictions for crimes that are temporally distinct." *United States v. Howard,* 918 F.2d 1529, 1538 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2240, 114 L.Ed.2d 482 (1991); *see also United States v. Sweeting,* 933 F.2d 962 (11th Cir.1991).[7] *Contra, United States v. Balascsak,* 873 F.2d 673, 683 (3rd Cir.1989), *cert. denied,* 498 U.S. 864, 111 S.Ct. 173, 112 L.Ed.2d 138 (1990) ("We could hardly attribute to Congress the intention of branding someone a career criminal offender who, for example, committed several separate felonies during a single drunken spree, with no time to sober up and reconsider between the separate incidents."). Here, the felonies for which Owens was convicted each occurred on a different date, although they were all resolved in one proceeding. In view of this court's previous decisions holding that convictions need only be temporally distinct to be counted as single, separate convictions, Owens's enhanced sentence was not in conflict with Eleventh Circuit interpretation of the legislative intent of the Armed Career Criminal Act. Contrary to Owens's suggestion, the Act was intended to encompass defendants such as Owens.

## IV.

■ The district court enhanced Owens's sentence for his § 922(g) conviction under the Armed Career Criminal Act because it found that he had three prior violent felony convictions. Owens argues that at sentencing the court erred in refusing to entertain his challenge to his prior convictions as constitutionally infirm under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23

7. However, this circuit has come to an opposite conclusion with respect to the Sentencing Guidelines. In *United States v. Delvecchio,* 920 F.2d 810 (11th Cir.1991), for instance, the court held that under the guidelines, the defendant must have been sentenced twice in unrelated cases to classify as a career offender. "Cases are related if they (1) occurred on a single occasion, (2) were

part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.... [W]henever a defendant is sentenced simultaneously ... his sentences are related and cannot be assessed separately under the guidelines." *Delvecchio,* 920 F.2d at 812; *see also United States v. Dorsey,* 888 F.2d 79 (11th Cir.1989),

L.Ed.2d 274 (1969).[8] Owens's contention gives rise to an inquiry into whether a district court has the discretion to review the constitutionality of prior convictions used to enhance a sentence under the Armed Career Criminal Act.

### A.

In *United States v. Roman*, 989 F.2d 1117 (11th Cir.1993), our *en banc* court held that an analogous provision of the Sentencing Guidelines addressing the calculation of a defendant's criminal history, U.S.S.G. § 4A1.2, does not authorize a sentencing court to inquire into the constitutional validity of a prior conviction, unless the defendant adduces evidence sufficient to demonstrate that the conviction used to enhance the sentence is presumptively void. In interpreting the relevant guideline provision, the court looked to a recently amended application note which provided that "[s]entences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted."[9] While noting that "the Constitution bars federal courts from using certain kinds of convictions at sentencing,"[10] *Roman*, 989 F.2d at 1119, the court construed the language of the application note to signify that "courts can only exclude convictions that have *already been* ruled invalid. Nothing in Note 6, much less the guidelines themselves, authorizes district courts to question state convictions for other reasons." *Id.* (emphasis added). With respect to those instances in which collateral review might be constitutionally required, the court declined to articulate the precise nature or scope of what might constitute a "presumptively void" conviction, but declared that such cases "are small in number and are perhaps limited to uncounseled convictions." *Id.* at 1120.[11]

Although the text of the Armed Career Criminal Act does not precisely duplicate in all aspects that of the guideline before the court in *Roman*, for the limited purpose of resolving the question raised in this appeal we see little substantive distinction between the language of the two provisions. Both § 4A.1 of the Guidelines and the Armed Career Criminal Act are similarly concerned with the use of a recidivist defendant's criminal history in the calculation of his sentence, and in defining the extent to which prior criminal convictions can be used in this calculus. As discussed earlier with respect to Owens's first claim, § 921(a)(20) states that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter." Just as this court held in *Roman* that the applicable guideline's allusion to a conviction that was "previously ruled constitutionally invalid" referred to a conviction found to be insupportable in a prior proceeding, so do we conclude that the statutory reference to a conviction that "has been expunged, or set aside" is to be construed in the preterit tense, and encompasses those convictions expunged or set aside as a result of previous collateral review. In other words, we do not interpret § 921(a)(20) to empower the sentencing court to expunge or

---

*cert. denied*, 493 U.S. 1035, 110 S.Ct. 756, 107 L.Ed.2d 772 (1990).

**8.** In response to Owens's request for review of his prior convictions at sentencing, the district court stated:

I think your best procedure is to file a 2254 and see if you can get at least one or more of these convictions set aside on the basis that you've just been arguing, because I don't think that I have the right at this procedure to look beyond those sentences imposed and declare them in some way unconstitutional or denying the man due process ... They are there, and I have very little discretion I think to do anything along the lines that you request.... (R6–25)

**9.** U.S.S.G. § 4A1.2, Comment (n. 6) (November 1, 1990).

**10.** This proposition was established in *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) and in *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), in which the Supreme Court held that uncounseled felony convictions could not be used to enhance a sentence.

**11.** As noted earlier, Owens does not claim that his prior convictions were uncounseled, but that he had not consulted with his parents or any other responsible adult, and that his guilty pleas were unknowing and involuntary pursuant to *Boykin v. Alabama, supra.*

set aside prior convictions used to enhance a defendant's sentence, but rather to exclude only those convictions already determined to be constitutionally inadequate in a wholly separate proceeding.[12]

We reach this conclusion cognizant of the fact that other circuits have come to an opposite resolution when confronted with the same issue. *See, e.g., United States v. Paleo,* 967 F.2d 7, 11 (1st Cir.1992) ("[Under 18 U.S.C. § 924(e)], a federal defendant may challenge, in a sentencing proceeding, the constitutional validity of past convictions, used to increase his federal sentence."); *United States v. Gallman,* 907 F.2d 639, 642–43 (7th Cir.1990) ("For a conviction to count under 18 U.S.C. § 924(e)(1) the conviction must have been constitutionally obtained.... [O]nce the government has shown that a defendant has three prior 'violent felony' convictions, the burden rests with the defendant to show that the conviction was unconstitutional."), *cert. denied,* 499 U.S. 908, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991). *See also United States v. Taylor,* 882 F.2d 1018, 1031 (6th Cir.1989) ("[T]he ACCA announced not a new federal crime but a sentence enhancement, so that prior convictions were to be proven not to the jury at trial but to the bench at the sentencing phase."), *cert. denied,* 496 U.S. 907, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990); *United States v. Clawson,* 831 F.2d 909, 914 (9th Cir.1987) (where defendant raised inadequate counsel as constitutional basis for challenge of prior convictions at sentencing, court held that "[u]nder *Burgett,* we thus must consider Clawson's collateral attack upon his 1966 conviction."), *cert. denied,* 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 323 (1988). *Cf. United States v. Custis,* 988 F.2d 1355 (4th Cir.) (where defendant raised *Boykin* violation as grounds to challenge the constitutional validity of prior conviction used at sentencing under § 924(e), court held that "the district court did not err in declining to entertain Custis's constitutional challenge to the effectiveness of his counsel and to the validity of his guilty pleas."), *cert. granted,* 510 U.S. ——, 114 S.Ct. 299, 126 L.Ed.2d 248 (1993).[13]

Notwithstanding the divergence of views on this matter, we do not find in the aforementioned cases any satisfactory attempt to locate the source from which a sentencing court derives the authority to look at the validity of prior convictions under § 924(e). Principles of full faith and credit direct the conclusion that a judicial decision is not subject to reexamination in another forum unless "plainly stated by Congress." *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 485, 102 S.Ct. 1883, 1899, 72 L.Ed.2d 262 (1982). Here, the statute explicitly confers no such discretion, and thus evinces no clear congressional intent to permit collateral challenges under this sentencing provision. The specific requirement in § 924(e) that a defendant must have "three previous convictions" is unaccompanied by any provision or language bestowing on the sentencing court the discretion either to review or to set aside these convictions for the sole purpose of sentencing. The absence of any language that would tend to support such discretion on the part of the trial court stands in sharp contrast to the specific measures established by Congress in other statutory contexts. *See, e.g.,* The Comprehensive Drug Abuse Prevention and Control Act, 18 U.S.C. § 851(c)(1) ("If the person denies any allegation of the information of prior conviction, or

---

12. This court has recently addressed the controlling nature of the *Roman* decision with respect to the authority of the district court to review collateral challenges at sentencing in *United States v. Medlock,* 12 F.3d 185 (11th Cir.1994). Medlock similarly involved a collateral attack at sentencing under the Armed Career Criminal Act based upon an alleged *Boykin* violation. In that case, we held that the defendant must "present[ ] a factual foundation for the alleged *Boykin* violation sufficient to justify collateral review on the grounds that the state convictions were presumptively void." *Id.,* 12 F.3d at 188.

13. It is important to note that the court in *Custis* determined that the sentencing court had the discretion to entertain the collateral challenge raised by defendant, but was not obliged to do so except under limited circumstances required by the Constitution. While our holding is in many respects consistent with *Custis,* as discussed further below, we conclude that under § 924(e) the sentencing court does not have the discretion to hear these collateral attacks except under a restricted set of constitutionally prescribed conditions. The Supreme Court recently granted a writ of certiorari in *Custis,* and the case is currently pending before the Court.

claims that any conviction is invalid ... [t]he court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment.").

Further, Congress expressly provided a forum to review and adjudicate the type of collateral challenge raised by Owens in enacting the federal habeas corpus statute, 28 U.S.C. §§ 2241, 2254. The precept of comity that compels a defendant first to exhaust all available state remedies before invoking federal jurisdiction is less persuasive in this instance, in which the state's interest in whether a state conviction is used to enhance a sentence for a federal crime can be described as minimal at best. Nevertheless, the absence of any specific statutory grant authorizing the sentencing court to review prior convictions under § 924(e) coupled with the existence of an alternate avenue of possible redress in the form of a habeas corpus petition militates against importing into the plain language of the statute an intent by Congress to confer upon the district court the discretion to conduct what would be, in essence, the equivalent of a habeas corpus proceeding. Moreover, the type of challenge raised by Owens would necessarily involve an exploration of the factual circumstances surrounding his guilty pleas. We agree with the court in *Custis*, which determined that "[t]he appropriate forum for such a fact-intensive inquiry will typically be a state collateral proceeding or federal habeas corpus, not a sentencing hearing for a separate offense far removed from the original conviction." 988 F.2d at 1363. *See also United States v. Medlock*, 12 F.3d 185, 190 (11th Cir.1994), ("[I]f a defendant is successful in making 'a state or federal collateral attack upon the state sentence' during a habeas petition, for example, he may seek to revise any federal sentence in which the state conviction 'was a factor'.") (quoting *Custis*, 988 F.2d at 1363).

## B.

Having found no statutory basis for the retention of discretion by the district court to review the validity of prior convictions used to enhance a sentence under

§ 924(e), we now turn to whether the Constitution mandates a contrary conclusion. As discussed earlier, in *Roman* we held that the Constitution requires only that the sentencing court hear a collateral challenge to a prior conviction that is presumptively void. Although the *Roman* court was confronted with a specific sentencing guideline, the constitutional analysis was not confined to this narrow context, but addressed the extent to which there is a general constitutional right to collateral review at a sentencing proceeding. Because we are bound by the court's determinations both in *Roman* and in *Medlock, supra,* we hold that the district court is constitutionally empowered to conduct a collateral review of a prior conviction only when the defendant shows that the prior conviction is presumptively void. Although we decline to articulate what might comprise the full scope of constitutional errors that renders a conviction presumptively void, we note that this category—which includes uncounseled convictions, *see United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967)—encompasses errors of such magnitude as to call into question the fundamental reliability of the conviction. Although on direct appeal a presumption of prejudice accompanies a conviction obtained without any record indicating that the guilty plea was knowing or voluntary, this presumption does not obtain in the forum of collateral review. *See Parke v. Raley,* —— U.S. ——, ——, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992) ("To import *Boykin*'s presumption of invalidity into this very different context [of collateral review] would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."). Thus, a conviction allegedly obtained in violation of *Boykin,* as in the instant action, does not rise to the level of error anticipated by the court in categorizing a conviction as presumptively void; to the contrary, such a conviction is deemed presumptively valid for purposes of collateral review under § 924(e).

We therefore hold that the district court does not have the discretion to entertain

challenges to prior convictions at sentencing under § 924(e). We further hold, however, that the district court is required to hear such challenges when the defendant is able to show that the conviction being used to enhance his sentence under § 924(e) is presumptively void. As we are not called upon to enumerate all constitutional errors that might fall squarely within this category, we conclude merely that an alleged *Boykin* violation does not render a conviction presumptively void, and is thus not reviewable under either the statute or the Constitution. For the reasons stated above, we AFFIRM Owens's conviction and sentence.