[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 20, 2006
THOMAS K. KAHN
CLERK

No. 05-14281
Non-Argument Calendar

_____

D. C. Docket No. 05-00033-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELISEO GOMEZ-MADRIGAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 20, 2006)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

The one-count indictment in this case alleged that on January 14, 2005,

appellant, an alien who had previously been deported, was found to be unlawfully and voluntarily in the United States at a Shell Chemical LP facility in Mobile County, Alabama, in violation of 8 U.S.C. § 1326(a) and (b).  Appellant pled guilty to the charge on March 29, 2005, and the district court scheduled his sentencing for July 22, 2005.

The presentence investigation report (PSI) indicated that the applicable Sentencing Guideline for the charged offense, U.S.S.C. § 2L1.2, fixed the base offense level at eight.  Prior to his previous deportation, appellant had been convicted in a California court of an aggravated felony (he shot another person in the abdomen with an assault rifle), so the PSI included a specific offense characteristic, based on that conviction, that increased his base offense level by 16 levels.  After giving appellant credit for acceptance of responsibility, the PSI set appellant's adjusted offense level at 21 and his criminal history category at II. This yielded a sentence range of 41 to 51 months imprisonment.  Appellant objected to the 16-level enhancement, contending that because the fact of the California conviction had not been alleged in the indictment, the enhancement was unconstitutional.  He readily acknowledged that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998), effectively permitted the enhancement, but urged the court not to follow the

2

decision because (in his attorney's view) it is no longer good law. The court overruled his objection and sentenced him to a prison term of 41 months. He now appeals his conviction on the ground that the Sixth Amendment barred the court from using his California conviction to enhance his base offense level because the fact of the conviction had not been alleged in the indictment. He also contends that the Sixth Amendment precluded the court from treating his California conviction as a felony.

In Almendarez-Torres, the Supreme Court specifically addressed whether "[8 U.S.C. § 1326(b)] defines a separate crime or simply authorizes an enhanced penalty. . . [and concluded] that the subsection is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime." Almendarez-Torres v. United States, 523 U.S. 224, 226, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998). The Court went on to hold that "neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." Id. at 226-27, 118 S.Ct at 1222.

We have held that Almendarez-Torres "was left undisturbed by Apprendi [v. New Jersey, 530 U.S. 466, 489-90, 120 S.Ct. 2348, 2362-63 (2000)], Blakely[ v. Washington], 542 U.S. 296, 303, 124 S.Ct. 2531, 2537 (2004)], and [United States

3

v.] Booker[, 543 U.S. 220, 243-44, 125 S.Ct. 738, 755-756 (2005)]." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). "Put another way, because the prior-conviction exception remains undisturbed after Booker, a district court does not err by relying on prior convictions to enhance a defendant's sentence." United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir.), cert. denied, 126 S.Ct. 223 (2005). Given this state of the law, we reject appellant's request that we vacate his sentence and remand the case for further proceedings because the indictment did not allege the fact of his California conviction. We turn then to his claim that the Sixth Amendment precluded the court from treating that conviction as a felony.

Appellant contends that that conviction was under a "wobbler" California sentencing scheme which gives the prosecutor or the court the discretion to treat an offense as either a felony or a misdemeanor. He submits that given the Supreme Court's decisions in Blakely and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428 (2002), the California scheme violates the Sixth and Fourteenth Amendment guarantee of a jury trial as to the issues which make an offense a felony instead of a misdemeanor. Consequently, the district court erred in considering his conviction as a felony.

Appellant did not present this argument to the district court at his sentencing

hearing; thus, we examine the argument for plain error. United States v. Candelario, 240 F.3d 1300, 1306 (11th Cir. 2001). We correct "plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights . . . ; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding." Orduno-Mireles, 405 F.3d at 961.

In an attack on the constitutionality of a prior conviction the district court used to increase a defendant's sentence under the Armed Career Criminal Act, we noted that:

> an analogous provision of the Sentencing Guidelines . . . does not authorize a sentencing court to inquire into the constitutional validity of a prior conviction, unless the defendant adduces evidence sufficient to demonstrate that the conviction used to enhance the sentence is presumptively void. . . .the court construed the language of the application note to signify that 'courts can only exclude convictions that have already been ruled invalid.'

United States v. Owens, 15 F.3d 995, 999 (11th Cir. 1994)(citation omitted). We went on to hold that because collateral review was available to the defendant to challenge the constitutionality of his previous convictions, "the district court d[ed] not have the discretion to entertain challenges to prior convictions at sentencing. . . ." Id. at 1001-02.

Turning to the bottom-line question of whether the district court committed

plain error in this instance, we conclude that if the court committed error – and we could hardly say that it did – the error was not <u>plain</u>, nor did it negatively affect appellant's substantial rights.

Having reached the foregoing conclusions, we affirm the district court's judgment.

SO ORDERED.