**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4784

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROGER DALE CHARLES, II,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Lacy H. Thornburg, District Judge. (CR-04-27)

Submitted: July 28, 2006          Decided: August 22, 2006

Before WILKINS, Chief Judge, and WIDENER and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles Wyatt McKeller, Brevard, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Roger Dale Charles, II, appeals his conviction and sentence for drug and firearm offenses.  We affirm.


I.

A jury convicted Charles of possessing more than 50 grams of cocaine base with the intent to distribute, see 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2006) (Count One), and possessing firearms after having been convicted of a felony, see 18 U.S.C.A. § 922(g)(1) (West 2000) (Count Three). At sentencing, the district court determined that Charles' statutory range of imprisonment for Count One was 20 years to life.  See 21 U.S.C.A. § 841(b)(1)(A).  Based on Charles' prior Florida convictions for battery on a law enforcement officer, armed burglary with a deadly weapon, and escaping and resisting an officer with violence, the court concluded that the statutory range for Count Three was 15 years to life. See 18 U.S.C.A. § 924(e)(1) (West Supp. 2006).  Grouping the two offenses together and determining that Charles qualified as a career offender, see United States Sentencing Guidelines Manual § 4B1.1 (2004), the district court calculated a resulting offense level of 37, which, when combined with a criminal history category of VI, yielded an advisory guideline range of 360 months to life imprisonment. After considering this range and the other factors set forth in 18

2

U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), the district court concluded that the advisory guideline range "provide[d] an appropriate window in which the Court should enter sentence." J.A. 339. The district court sentenced Charles to concurrent terms of 360 months imprisonment on Counts One and Three.

## II.

Charles first argues that the district court violated his Sixth Amendment rights by finding facts about his prior convictions and using those facts to sentence him as a career criminal. We find no reversible error.

Since Charles failed to raise this objection at sentencing, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To establish plain error, Charles must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See Olano, 507 U.S. at 732. Even if Charles makes this three-part showing, correction of the error remains within our discretion, which we "should not exercise ... unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting United States v. Young, 470 U.S. 1, 15 (1985)) (second alteration in original).

Because United States v. Booker, 543 U.S. 220 (2005), rendered the sentencing guidelines "effectively advisory," Booker, 543 U.S.

at 245, the use of the guidelines no longer "implicate[s] the Sixth Amendment," id. at 233. Stated another way, with the guidelines no longer having the force of law, district courts may find facts determining the proper sentence to impose within the statutory range set by Congress without violating a defendant's right to a jury trial. See id. at 259. Here, the finding by the jury that Charles possessed more than 50 grams of cocaine base with the intent to distribute authorized a sentence of up to life imprisonment for Count One. See 21 U.S.C.A. § 841(b)(1)(A). Thus, the district court did not infringe upon Charles' Sixth Amendment rights by utilizing its own factual findings to select a sentence within the appropriate statutory range for that count. And, even assuming that the district court utilized judicially found facts to impose a sentence beyond the maximum statutorily authorized by the jury verdict with regard to Count Three, see 18 U.S.C.A. § 924(a)(2) (West 2000) (providing that statutory maximum for § 922(g) violation is 10 years), that error did not affect Charles' substantial rights in light of the fact that his Count Three sentence was ordered to run concurrently with the Count One sentence of the same duration. See United States v. Ellis, 326 F.3d 593, 599-600 (4th Cir. 2003) (holding that sentence exceeding statutory maximum by at least 20 years did not affect substantial rights because defendant received equal or longer concurrent sentences on other counts).

4

III.

Charles next contends that the district court erred by failing to instruct the jury that as an element of the Count Three offense, the Government was required to prove that his civil rights had not been restored following his prior felony convictions. Again, we disagree.

Charles argues that because all of his prior convictions were Florida convictions and he had completed his terms of imprisonment, he was eligible for restoration of his civil rights. See Fla. Stat. § 940.05 (2005).* Critically, however, § 940.05 provides for the discretionary, rather than automatic, restoration of a defendant's civil rights. See United States v. Owens, 15 F.3d 995, 997 (11th Cir. 1994) (emphasizing that "Florida courts uniformly have held that the restoration of civil rights to a prisoner upon release from state custody is neither automatic nor pro forma, but is solely within the province of the governor's discretionary

---

*The statute provides:

Any person who has been convicted of a felony may be entitled to the restoration of all the rights of citizenship enjoyed by him or her prior to conviction if the person has:

(1) Received a full pardon from the board of pardons;

(2) Served the maximum term of the sentence imposed upon him or her; or

(3) Been granted his or her final release by the Parole Commission.

5

function"). We have held, under similar circumstances, that the fact that the defendant's civil rights have been restored is an affirmative defense, and the opposite fact is not an element of a § 922 offense. See United States v. Parker, 262 F.3d 415, 422-23 (4th Cir. 2001).

In Parker, a defendant was charged with knowingly providing ammunition to a convicted felon, see 18 U.S.C.A. § 922(d)(1) (West 2000). For purposes of the decision, we assumed that a Maryland court that had sentenced the felon had discretionary authority to retroactively suspend entry of his three-year sentence and place him on probation, thereby ending his status as a felon for firearm possession purposes. See Parker, 262 F.3d at 421. Importantly, though, we noted that in Maryland there is no period after which restoration of a convicted felon's civil rights is automatic. See id. at 423. Relying on "[t]he general principle ... that a condition once shown to exist is presumed to continue," we concluded that the felon's loss of the right to possess ammunition was properly presumed to have continued absent evidence to the contrary and thus that the government did not have to specifically prove that the felon's status had not changed when the defendant provided him with the ammunition. Id. We added that the records for the felon's court of conviction were equally available to the government and the defendant and that we were confident that had

6

the felon's status changed prior to the transfer of the ammunition, "it would have been brought to our attention."  Id.

The same principle requires affirmance here.  While Charles' completion of his terms of imprisonment created the possibility that his right to possess a firearm would be restored, the presumption that his condition would continue relieves the Government of having to prove specifically that his rights were not restored prior to his firearm possession.  Had Charles' right been restored prior to that time, he could have asserted that fact as an affirmative defense.

IV.

For the reasons set forth above, we affirm Charles' conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7