[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10540
Non-Argument Calendar

_____

D. C. Docket No. 04-00179-CR-2-JHH-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALONZO HOUSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 3, 2007)

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Alonzo Houston appeals his 384-month sentence for bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1), and brandishing a gun during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). Specifically, Houston argues that the district court erred by using a presumptively void prior state court conviction to sentence him as a career offender under U.S.S.G. § 4B1.1(a) and (b). For the reasons discussed more fully below, we affirm.

After a jury convicted Houston of the above offenses, the district court determined that Houston was a career offender for sentencing purposes based on two prior state court convictions for robbery. Houston appealed his convictions and sentences, relying on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirmed his convictions, but vacated his sentence and remanded to the district court for resentencing, reasoning that the district court had violated Booker by treating the Sentencing Guidelines as mandatory.

Upon remand, the district court resentenced Houston as a career offender and, in doing so, also rejected his argument that one of his predicate state robbery convictions was void because it stemmed from an indictment that included two robbery charges, but listed the same victim in each. Houston submitted the indictment and a transcript from the state proceedings into evidence. The

2

indictment shows that Houston was charged with two counts of robbery and lists the victim of both counts as Eugene Chambers. The transcript presents testimony from Eugene Chambers's wife, Gayle, who indicates that she and her husband were both at their store when Houston robbed it. The district court was not convinced by this argument and resentenced Houston as a career offender.

We review the district court's classification of a defendant as a career offender de novo. United States v. Farris, 77 F.3d 391, 397 (11th Cir. 1996). The career offender provision of the Sentencing Guidelines provides that

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

In regard to the third prong of this test, we have held that the sentencing court "cannot ignore or discount for any purpose a prior conviction that has not been invalidated in a prior proceeding." United States v. Phillips, 120 F.3d 227, 231 (11th Cir. 1997). Likewise, in United States v. Roman, 989 F.2d 1117, 1120 (11th Cir. 1993), we held that an appellant generally cannot attack collaterally those prior convictions used by the district court in his federal sentencing proceedings.

3

In Roman, however, we also recognized a limited exception to the aforementioned rules, holding that if the defendant can sufficiently demonstrate that an earlier conviction was "presumptively void," the sentencing court is constitutionally required to review the earlier conviction before relying on it.[1] Id. at 1118. While we stopped short of defining the presumptively void standard, we suggested "that the kinds of cases that can be included in the 'presumptively void' category are small in number and are perhaps limited to uncounseled convictions." Id. Likewise, we later explained that "this category – which includes uncounseled convictions. . . – encompasses errors of such magnitude as to call into question the fundamental reliability of the conviction." United States v. Owens, 15 F.3d 995, 996, 1001 (11th Cir. 1994) (citations omitted).

Indeed, in Custis v. United States, 511 U.S. 485, 487-88, 496, 114 S.Ct. 1732, 1735-36, 1738, 128 L.Ed.2d 517 (1994), the Supreme Court considered a

_____

[1] Although the Custis Court was reviewing an enhancement under the Armed Career Criminal Act (ACCA) of 18 U.S.C. 18 U.S.C. § 924(e) based on allegedly invalid prior convictions and, in Roman, we were reviewing the use of an allegedly invalid prior conviction to calculate the defendant's criminal history category, we have applied the rule and exception to reviewing career offender classifications and have held that relevant case law having to do with ACCA enhancements and criminal history category calculations equally apply to career offender classification cases. Farris, 77 F.3d at 397 n.10; see Custis, 511 U.S. at 487-88, 114 S.Ct. at 1735-36; Roman, 989 F.2d at 118.

defendant's argument that his prior convictions were invalid for sentencing purposes on ineffective-assistance-of-counsel grounds and declined to "extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel," thereby suggesting that a prior conviction is not presumptively void unless the defendant was completely denied counsel.

Here, Houston has not demonstrated that his sentence was based on a prior conviction that was presumptively void.  See Roman, 989 F.2d at 1118.  Houston has not alleged, and the record otherwise does not show, that the prior conviction that he attacks now was uncounseled. Moreover, the ground on which Houston challenges his prior conviction – that the indictment charged him with robbing the same victim twice – does not implicate the fundamental reliability of that conviction.  See Owens, 15 F.3d at 1001.  Specifically, because the transcript of the listed victim's wife's testimony indicates that she was the other victim of Houston's robbery, it appears that the underlying indictment's listing of  Eugene Chambers as the victim of both counts of robbery merely was a clerical mistake.

Therefore, because the presumptive voidness standard encompasses only those errors implicating the fundamental reliability of the underlying conviction and generally covers uncounseled convictions, Houston has not shown that the prior conviction in question was presumptively void.  See Roman, 989 F.2d at

5

1118; <u>Custis</u>, 511 U.S. at 496, 114 S.Ct. at 1738; <u>Owens</u>, 15 F.3d at 1001.  Thus, Houston was barred from collaterally attacking this prior conviction, and the district court did not err in sentencing him as a career offender.  <u>See</u> <u>Phillips</u>, 120 F.3d at 231; <u>Farris</u>, 77 F.3d at 397.[2]  Accordingly, we affirm Houston's sentence.

**AFFIRMED.**

---

[2] On appeal, the government also argues that Houston is barred from challenging his prior conviction as void by the law-of-the-case-doctrine, since he failed to raise that argument during his first appeal and since we issued only a limited remand for the district court to impose a reasonable sentence.  We need not resolve this issue.